

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 5, 2023

**BY ECF**

**MEMO ENDORSED**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Robert Menendez, et. al,*
            **23 Cr. 490 (SHS)**

Dear Judge Stein:

    At the October 2, 2023 initial pretrial conference in the above-captioned matter, the Government advised the Court that the Government anticipates that there is likely to be classified discovery and/or litigation pursuant to the Classified Information Procedures Act ("CIPA"). In response, the Court invited the Government to provide additional information in an appropriate manner. The Government now respectfully writes to request that the Court hold an *ex parte*, sealed conference under Section 2 of CIPA to allow the Government to provide the Court with additional information on the anticipated classified discovery and/or motion practice that may arise in this matter. The Government proposes holding such a conference on Tuesday, October 24, 2023, at 11:30 am, a date and time that the Government understands works for the Court, and with the assistance of the Classified Information Security Officer, whom the Court recently appointed. For the Court's reference, and in anticipation of the Section 2 conference, this letter also provides general information about certain procedures under CIPA.

    I.    Overview of CIPA

    CIPA governs the discovery of classified information in federal criminal cases. *See United States v. Abu-Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (CIPA's purpose is to "harmonize a defendant's

Honorable Sidney H. Stein
October 5, 2023
Page 2

right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest" (internal quotation marks and citation omitted)); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) ("When classified materials may be relevant to criminal proceedings, [CIPA] provides procedures designed to protect the rights of the defendant while minimizing the harm to national security.").

CIPA does not change the Government's discovery obligations and does not alter a defendant's substantive rights or the rules of evidence. *See United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989); *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989). Rather, CIPA creates a procedural framework that permits the Court to rule, before trial, on questions related to classified materials. The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, stating that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *CIA v. Sims*, 471 U.S. 159, 175 (1985) (internal quotation marks and citation omitted). This framework helps to prevent unnecessary or inadvertent disclosures of classified information and allows the Government to assess the national security "costs" associated with pursuing a certain course in its criminal prosecution. *See, e.g., Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983) (the "straightforward and clear" purpose of CIPA "is to provide procedures under which the government may be made aware, prior to trial, of the classified information, if any, which will be compromised by the prosecution").

II.     Pretrial Conference Pursuant to CIPA Section 2

As relevant here, Section 2 of CIPA provides that upon a party's motion, the court "shall promptly hold a pretrial conference" to consider matters relating to classified information, including the timing of requests for discovery, the provision of the requisite written pretrial notice by the defense to the Government, pursuant to Section 5 of CIPA, of the defendant's intent to disclose classified information, and any other matters that may promote a fair and expeditious trial. 18 U.S.C. App. 3 § 2. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No 96-823, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4299.

In this district, courts may and generally do conduct Section 2 conferences *ex parte* so that the Government can freely discuss the substance of classified information that may be at issue in anticipated CIPA litigation or be relevant to the prosecution, and to which a defendant does not have a right. *See, e.g., United States v. Hossain*, No. 19 Cr. 606 (SHS), 2023 WL 3001464, at *1 (S.D.N.Y. Apr. 19, 2023) (noting that the Court held *ex parte* Section 2 hearings with both the Government and defense counsel); *United States v. Saipov*, No. 17 Cr. 722 (VSB), 2019 WL 5558214, at *2-3 (S.D.N.Y. Oct. 29, 2019) (discussing *ex parte* Section 2 conferences held in that case, and rejecting the argument that it was improper to hold *ex parte* conferences more generally); *United States v. Balouchzehi*, No. 21 Cr. 658 (JMF) (S.D.N.Y. Nov. 11, 2022) (Dkt. 32) (granting the Government's request to hold a classified *ex parte* proceeding pursuant to CIPA Section 2); *see also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents . . . *ex parte, in camera* hearings in which government counsel

Honorable Sidney H. Stein
October 5, 2023
Page 3

participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information.").

      Here, at the requested Section 2 conference, the Government expects to provide the Court with further information regarding classified discovery and/or CIPA motion practice in this case, and to answer any questions that the Court may have. The Government will also be prepared to provide the Court with a proposed schedule for any CIPA motions.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/ Daniel C. Richenthal
Eli J. Mark
Paul M. Monteleoni
Daniel C. Richenthal
Lara Pomerantz
Assistant United States Attorneys
(212) 637-2431/2219/2109/2243

cc:    (by ECF)

       Counsel of Record

       (by email)

       Harry J. Rucker, Classified Information Security Officer

**The conference will be held on Tuesday, October 24, 2023, at 11:30 a.m.**

Dated: New York, New York
       **October 5, 2023**

SO ORDERED:

*[signature]*
_____
Sidney H. Stein, U.S.D.J.