

March 5, 2024

<u>*VIA ECF*</u>

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

Re:   <u>United States v. Menendez et al.</u>, No. S2 23 Cr. 490 (SHS)

Dear Judge Stein:

We write on behalf of Defendants Senator Robert Menendez, Nadine Menendez, Wael Hana and Fred Daibes to respectfully request an in-person or telephonic conference to seek the Court's guidance on a schedule for pretrial disclosures and related deadlines.

Consistent with Your Honor's Order of February 23, 2024 (ECF No. 197), Defendants sent the government their revised pretrial deadline proposal on Monday, February 26, 2024; the government responded a few minutes before midnight on Friday, March 1. Defendants then suggested that the parties meet and confer, which we did yesterday by phone.

It now seems that the parties are at an impasse. Specifically, although the Court has ordered trial to commence on May 6, 2024, the government refuses to identify a date certain (i) for the government to produce 3500 Material, a witness list, and exhibit list; (ii) for the parties to file motions *in limine*; and (iii) for the parties to provide proposed jury instructions and *voir dire*. Instead, the government insists on "floating" deadlines that are contingent on the Court's ruling resolving the Senator's Speech or Debate Clause motion, fearing that if there were set deadlines, there would be a risk that Defendants would receive discovery too early and have too much time to prepare for trial.

We list the certain of the parties' competing proposed deadlines in the chart below:

| Category | Defendants' Proposed Deadline | Government's Proposed Deadline |
|---|---|---|
| Production of Government's 3500 Material, Witness List, and Exhibit List | March 7 (60 days before trial) | To be produced on a rolling basis, and subject to supplementation in good faith, starting **on the later** |



Hon. Sidney H. Stein
March 5, 2024
Page 2

|  |  | *of*: (a) April 19 [16 days before trial], or (b) 15 days after a ruling by the Court resolving Menendez's Speech or Debate motion. |
|---|---|---|
| Motions *in Limine* | Moving briefs – April 3<br>Opposition briefs - April 10<br>Reply briefs - April 15 | Motions due **the later of** (a) March 29, or (b) 15 days after a ruling by the Court resolving Menendez's Speech or Debate motion, with Responses due 14 days later, and Replies due 7 days after responses. |
| Jury Instructions/*Voir Dire* | April 8 | Parties to file their proposed *voir dire* and jury instructions **by the later of** (a) April 22 or (b) 15 days after a ruling by the Court resolving Menendez's Speech or Debate motion. |

In effect, the government's position is that it should be permitted to withhold 3500 Material and its witness and exhibit lists until two weeks before trial, ***at the earliest***, and possibly later if the Senator's Speech or Debate Clause motion is unresolved by April 5.  We expect the government's 3500 and *Giglio* disclosures to include tens of thousands of pages of materials, leading up to a trial estimated to last nearly two months—this on top of the millions of pages of discovery already produced, and still in the process of production, not including classified information as to which an order was just entered today.  Put simply, under these circumstances, the government's proposal is deeply unrealistic and reflects an effort set a pretrial disclosure schedule that would serve to provide the government with a tactical advantage.  Indeed, the government's stated reason for its position is purely tactical:  the government has said that it wants to avoid the production of trial materials before one side or the other seeks an interlocutory appeal of the Court's ruling on Senator Menendez's Speech or Debate Clause motion, which the government fears may result in an adjournment of the Court's May 6 trial date simply because that would give the Defendants more time with its exhibits and witness statements.

But the government's position makes no sense.  *First*, and foremost, it assumes that the trial date of May 6 is ***tentative*** and seeks to avoid the consequences of the Court's order beginning trial on that date.  But it was the ***government*** that opposed defendants' request for even a brief adjournment of the May 6 trial date; the government cannot have it both ways by insisting on the



Hon. Sidney H. Stein
March 5, 2024
Page 3

May 6 trial date while treating its pretrial obligations as if that date were somehow tentative or hypothetical.

*Second*, there is no certainty that either party will decide to file an interlocutory appeal. Any such decision is based on a series of assumptions about the Court's potential ruling, and litigants' views as to the likelihood of success on appeal.

*Third*, even if there is an interlocutory appeal, it may be that the non-movant will challenge any such right to appeal, and that one or both sides will seek expedited review, as a result of which any potential appellate review will not delay the trial beyond May 6, thus mooting the government's supposed concerns about giving the defendants "extra time" with pretrial disclosures.

*Fourth*, even if there is an interlocutory appeal (and even if the appeal results in a modest delay of trial), the government has no right to thwart the defense's attempts to prepare for trial by withholding necessary preparation materials until a late date, thereby also depriving the Court of sufficient time to review motions *in limine*, *voir dire*, and jury instructions, and potentially necessitating a well-supported motion to adjourn the May 6 trial in the event the government dumps, as expected, tens of thousands of pages of materials on the defense roughly two weeks before the start of a long trial.

In our discussions, the government has drawn a line in the sand, and stated that it will not consider any proposal that permits defendants to possess 3500 Material or the government's witness and exhibit lists while there remains a risk of a potential interlocutory appeal and hypothetical risk of delay to the May 6 trial date. Defendants, by contrast, believe that, with a trial currently set for May 6, a firm schedule should be implemented unless and until the trial is postponed, for whatever reason.

Given the parties' irreconcilable views, Defendants respectfully submit that an in-person or telephonic conference would be the most efficient method to resolve this dispute.

Respectfully submitted,

/s/ *Adam Fee*
Adam Fee
Avi Weitzman

*Attorneys for Defendant Robert Menendez*