

Lawrence S. Lustberg
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4731 Fax: 973-639-6285
llustberg@gibbonslaw.com

March 6, 2024

**VIA ECF**

The Honorable Sidney H. Stein
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>United States v. Robert Menendez, et al., Case No. 1:23-cr-00490-SHS</u>

Dear Judge Stein:

    As the Court is aware, this Firm represents Defendant Wael Hana in the above captioned matter. We write on behalf of Mr. Hana, as well as defendants Senator Robert Menendez, Nadine Menendez, and Fred Daibes. As set forth in the correspondence filed yesterday morning by counsel for Senator Menendez, ECF No. 236, the parties have met and conferred with the Government regarding an appropriate pretrial schedule, given the current May 6, 2024 trial date. Defendants have maintained that, for multiple reasons, that date does not allow sufficient time to prepare for trial. Nevertheless, the Government has consistently opposed any adjournment request, and Defendants have been working diligently to prepare consistent with the Court's order. ECF No. 112.[1]

    We are now in receipt of the Government's fourth iteration of an indictment against Defendants and its accompanying letter, which represents the Government's view that the third superseding indictment "does not affect the scheduled May 6, 2024 trial date." ECF No. 239 at 2. Defendants submit that this position is divorced from reality. The indictment not only adds

---

[1] The reasons previously cited, ECF Nos. 105, 236, and others, demonstrate the unworkability of the current trial date. Those reasons include that (i) since the trial date was initially set, the Government has now returned three different superseding indictments, which have added both charges and allegations, ECF Nos. 65, 115, 238; (ii) some of those superseding charging documents have added allegations regarding foreign actors and events, necessitating defense investigation in foreign countries; (iii) although the Court ordered the Government to complete its Rule 16 disclosures by December 4, 2023, ECF No. 39, it has subsequently made 8 additional productions, totaling at least 67,605 pages; and (iv) a classified protective order was only entered yesterday, ECF No. 234, after which we received an email from the Government indicating that classified discovery will not be available—even to those with clearance—until next week, and in any event multiple counsel are still awaiting conclusion of their background checks; moreover, of course, there may well be litigation with respect to this evidence.

GIBBONS P.C.

March 6, 2024
Page 2

fourteen new charges, but also fundamentally restructures the allegations against Defendants. Although Defendants are continuing to review the lengthy new charging document, the revisions will clearly necessitate supplemental filings with respect to the pending pretrial motions, as well as new such motions, which Defendants are certainly entitled to file under the Federal Rules of Criminal Procedure. By way of example, the prior Indictments in the case alleged only conspiracy counts, and the pretrial motions filed accordingly challenged those counts. But the new indictment alleges twelve substantive counts,[2] which contain different elements than the agreement alleged in the conspiracy counts. The adequacy of the allegations with regard to the substantive counts has not, obviously, yet been tested. In addition, as the Court knows, the Government must allege venue for each new substantive count, and that requirement is not necessarily satisfied by the "overt act" allegations previously advanced by the government. Indeed, the legal analysis for venue is quite different for conspiracy and substantive counts, and we believe that, in addition to the arguments that the Defendants have previously raised, venue appears lacking as to several of the new counts. And this is just one example of a number of issues that we are identifying in the superseding indictment that will require further briefing.

Finally, in any event, the new facts alleged—even if the Government does not intend to provide additional discovery (which would be surprising, since its investigation has been ongoing, including new subpoenas)—will require additional defense investigation and analysis such that the current trial date is no longer workable. Thus, Defendants renew their request for a status conference with the Court—perhaps in connection with the forthcoming arraignment on the third superseding indictment—to discuss these issues and set a realistic schedule for a prompt, but fair, resolution of this matter.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

s/Lawrence S. Lustberg
Lawrence S. Lustberg, Esq.

cc: All counsel of record (*via ECF*)

---

[2] Specifically, the third superseding indictment alleges four counts of bribery (counts 5, 6, 11, and 12), three counts of honest services wire fraud (counts 7, 9, 13), three counts of extortion under color of official act (counts 8, 10, 14), one count of public official acting as foreign agent (count 16), and one count of obstruction of justice (count 18). And, of course, there are two new conspiracy counts alleging conspiracy to commit obstruction of justice (counts 4 and 17), and each of those two counts allege a different theory of obstruction of justice involving different alleged conduct, including a novel theory that advocacy by Senator Menendez on behalf of a constituent could constitute an obstruction of justice.