UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

ROBERT MENENDEZ,
NADINE MENENDEZ,
    a/k/a "Nadine Arslanian,"
WAEL HANA,
    a/k/a "Will Hana,"
JOSE URIBE, and
FRED DAIBES,

              Defendants.

S2 23 Cr. 490 (SHS)

PROTECTIVE ORDER
WITH RESPECT TO CERTAIN
CLASSIFIED MATERIALS

---

This matter came before the Court on the Government's motion (the "Government Motion"), exhibits, and the declarations of Government officials, which were filed *ex parte, in camera*, and through the Classified Information Security Officer on February 9, 2024 and March 29, 2024 SHS (collectively, the "Government Submission").

The Government Submission sought a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, regarding certain materials and/or information. *See* 18 U.S.C. App. 3, § 4. After *ex parte, in camera* consideration of the Government Submission, this Court finds:

    1.    The Government Submission contains and describes classified information that requires protection against unauthorized disclosure. That information is described with particularity in the Government Submission.

2. The head of the department(s) that has or have control of the classified information described in the Government Submission, after personal consideration, has lodged the state secrets privilege with respect to that classified information.

Deleted Classified Materials

3. Disclosure of the Classified Materials, as defined in the Government Motion, to the defendants, defense counsel, or the public could reasonably be expected to harm national security.

4. The Classified Materials are either not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or Rule 16 of the Federal Rules of Criminal Procedure, or otherwise, and/or are not relevant and helpful to the defense, that is, useful to counter the Government's case or bolster a defense, as required under *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008).

Substituted Classified Materials

5. For certain information contained in the Classified Materials, the Government has provided classified summary substitutions (the "Classified Summary Substitutions"), as defined the Government motion and as contemplated by Section 4 of CIPA. The proposed Classified Summary Substitutions—as appended to the Government Motion—provide the defense with substantially the same ability to make defenses as would disclosure of the pertinent Classified Materials.

6. The disclosure of the Classified Summary Substitutions to the defendants or the public ~~reasonably~~ could reasonably be expected to harm national security.  *SHS*

Accordingly, it is:

2

ORDERED that the Government Motion is granted, and the Classified Materials, as defined in the Government Motion, and described herein, need not be disclosed to the defense; and it is further

ORDERED that the Government shall produce to appropriately cleared defense counsel, pursuant to a protective order governing the classified materials provided in discovery, the Classified Summary Substitutions described herein; and it is further

ORDERED that the Government Submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer or his designee, in accordance with established court security procedures, until further order of this Court.

SO ORDERED this 1st day of April, 2024.

_____
HON. SIDNEY H. STEIN
United States District Judge
Southern District of New York

3