UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

JOSE URIBE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S3 23 Cr. 490 (SHS)

        WHEREAS, on or about March 1, 2024, JOSE URIBE (the "Defendant"), was charged in a seven-count Superseding Information, S3 23 Cr. 490 (SHS) (the "Information"), with conspiracy to commit bribery, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346 and 2 (Count Three); conspiracy to commit obstruction of justice, in violation of Title 18, United States Code, Section 371 (Count Four); obstruction of justice, in violation of Title 18, United States Code, Sections 1503 and 2 (Count Five); tax evasion, in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2 (Count Six); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Seven);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds

traceable to the commission of the offenses charged in Counts One through Five of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Seven of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offense charged in Count Seven of the Information, including but not limited to a sum of money equal to $246,000 in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Seven of the Information;

WHEREAS, on or about March 1, 2024, the Defendant pled guilty to Count One through Seven of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Five and Seven of the Information and agreed to forfeit to the United States, pursuant to (i) Title 18, United States Code, Section 981(a)(l)(C) and Title 28 United States Code, Section 2461(c) a sum of money in United States currency representing proceeds traceable to the commission of the offenses charged in Counts One through Five of the Information; and (ii) Title 18, United States Code, Section 982(a)(2)(A) a sum of money equal to $246,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Seven of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $292,000.00 in United States currency of which (i) $25,000 in United States currency represents the amount of proceeds traceable to Counts One, Two, and Three of the Information that the Defendant personally obtained; (ii) $21,000 in United States currency represents the amount of proceeds traceable to Counts One, Two, and Three of the Information, that the

Defendant personally obtained; and (iii) $246,000 in United States currency represents the amount of proceeds traceable to the offense charged in Count Seven of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Five and Seven of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Lara Pomerantz, Eli J. Mark, Paul M. Monteleoni, Daniel C. Richenthal, and Catherine Ghosh, of counsel, and the Defendant and his counsel, Daniel J. Fetterman, Esq., that:

1. As a result of the offenses charged in Counts One through Five and Seven of the Information, to which the Defendant pled guilty, a money judgment in the amount of $292,000.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Five, and Seven of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JOSE URIBE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New

York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____ 10/8/2025
LARA POMERANTZ           DATE
ELI J. MARK
PAUL M. MONTELEONI
DANIEL C. RICHENTHAL
CATHERINE GHOSH
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2343/-2431/-2219/-2109/-1114

JOSE URIBE

By: _____ 10/3/2025
JOSE URIBE               DATE

By: _____ 10/6/2025
DANIEL J. FETTERMAN, ESQ.  DATE
Attorney for Defendant
1633 Broadway
New York, NY 10019

SO ORDERED:

_____ October 9, 2025
HONORABLE SIDNEY H. STEIN   DATE
UNITED STATES DISTRICT JUDGE